UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**BRENTON C. BURGEN,**

                                      **Plaintiff,**

      vs.                                                        5:14-CV-131
                                                                       (MAD/CFH)

**CAROLYN W. COLVIN,**
*Acting Commissioner of Social Security*,

                                      **Defendant.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**OLINSKY LAW GROUP**                      **HOWARD D. OLINSKY, ESQ.**
300 S. State Street, Suite 420
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**     **DAVID L. BROWN, ESQ.**
Office of General Counsel
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

# ORDER

      Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g), seeking judicial review of the Commissioner of Social Security's ("Commissioner") decision to deny his application for disability insurance benefits under the Social Security Act. Presently before the Court are the parties' cross-motions for judgment on the pleadings. *See* Dkt. Nos. 12, 13. This matter was referred to United States Magistrate Judge Christian F. Hummel for a Report and Recommendation pursuant to 28 U.S.C. 636(b) and Local Rule 72.3(d), familiarity with which is assumed.

In his November 26, 2014 Report-Recommendation and Order, Magistrate Judge Hummel found that the Administrate Law Judge's ("ALJ") residual functional capacity ("RFC") assessment was conducted under the correct legal standards and was supported by substantial evidence; the ALJ's evaluation of the medical sources' opinions was conducted under the correct legal standards and was supported by substantial evidence; the ALJ's assessment of Plaintiff's credibility was conducted under the correct legal standards and was supported by substantial evidence; and the ALJ did not err by not using a vocational expert to determine that Plaintiff could perform his past relevant work as a warehouse worker as he performed it. *See* Dkt. No. 14. Neither party objected to Magistrate Judge Hummel's Report-Recommendation and Order.

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a plaintiff is disabled. *See* 42 U.S.C. §§ 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must examine the Administrative Transcript to ascertain whether the correct legal standards were applied and whether the decision is supported by substantial evidence. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations and internal quotation marks omitted). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the

Commissioner's determination considerable deference, and "may not substitute its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See id.*; *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted). Failure to object timely to any portion of a magistrate judge's report operates as a waiver of further judicial review of those matters. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993) (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

Having carefully reviewed Magistrate Judge Hummel's thorough Report-Recommendation and Order, the parties' submissions, and the applicable law, the Court finds no clear error. Magistrate Judge Hummel's Report-Recommendation and Order contains a careful analysis of the Commissioner's determination to deny Plaintiff benefits and explains how the challenged determination was based on correct legal principles and is supported by substantial evidence in the record.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's November 26, 2014 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that the decision denying benefits is **AFFIRMED**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 30, 2014
       Albany, New York

Mae A. D'Agostino
U.S. District Judge